This is case number 4-17-0182, City of Danville v. Lisa Madigan, Kevin Flint. Counsel, could you identify yourselves for the record, please? Yes, sir. I'm David West, and I'm on behalf of the City of Danville. I'm Linda Washington, and I'm on behalf of the Attorney General. Thank you.  Yes, sir. If that pleases the Court, Counsel, Madam Clerk, the City is before you today with regards to a request under the Freedom of Information Act. And we have sought this appeal with the idea of having this Court overturn the Circuit Court's decision to grant summary judgment in favor of the Attorney General, as well as, I believe, at the end of oral argument and having the briefs in hand, that this Court would have sufficient basis to overturn the binding opinion that this case is really centered on that was issued by the Attorney General. And so, as we kind of step into this understanding, it's about the Freedom of Information Act. The case is really focused on, I think, the idea of public body and transacting public business, as that kind of is outlined in that act. It also involves, though, a group of citizens who were involved in discussions over a certain topic. And so, the Attorney General's binding opinion is one that, I think, misses a little bit in terms of the analysis over the dynamic of the set of circumstances, given how the act is designed. I don't think the answer is as easy as the Attorney General has made it out to be. What I also want to kind of suggest to the Court is, throughout its brief, the Attorney General uses the word, quote, Danville. And understanding it's the City of Danville involved, but my impression from that was that they're suggesting that the City itself was directly involved in these particular circumstances with this group. And I hope the Court understands that that really is not the case. But, Counsel, let me ask you this. First of all, you do agree that the City of Danville is a public body? Yes. Okay. And when we look to that question as to whether or not it constitutes a public body, are we looking at who came up with the information, which is the citizens group, according to what you said, or are we looking at of whom the request is being made? Honestly, Justice, I think that's really somewhat the heart of this particular set of circumstances, because I think the Attorney General makes it seem like because the City is a public body and has received the request, if there are documents out there, we have to supply them. But if you look at the request itself, the request is actually focused on the group. The request is asking for agendas and minutes and e-mails of the individuals. And I know there was the employee involved. But if you look at the request, they're asking for e-mails from these private citizens. And so I think there's a separation in there between the idea of the fact that the City received the request, but what is it that that requester was actually looking for? Well, does the City have that information that's being requested? Well, yes. And I think that's the Attorney General's point, is that because the documents exist, well, we have to – Not exist, but are in your possession. Right. Understood. Okay. That they're in our possession, because we have them in our possession. We have to go out and release them. But that's not the end of the analysis. And I think, to a degree, that's where the Attorney General fails in the idea of the reality of these set of circumstances. Okay? So I know they placed a lot on the idea that the City spent time talking about what makes up a public body in its brief. And I think that it may not be the heart of this discussion, but it warranted some analysis, because I wanted to make clear that there is that separation. Well, so doesn't it come down to whether or not these are public records? Yes. Because it's crystal clear that the City of Danville is a public body. Yes. And I think that's ultimately where this case actually turns. I think, you know, one of the points I want to try and make, I guess, and maybe I'm wrong in thinking this, but I think the Attorney General can see that this group out there was not a public body. The City is, yes. This group actually is not. And we went through the analysis of how to determine whether a group is a public body or not. So it's not. And so, to me, I think that's important because when you look at the Sunshine Laws that are geared directly toward government, government does public business. Private groups do not. And so I think, again, there is enough separation here to kind of talk about that there is a difference. And the fact that the City of Danville actually has documents doesn't necessarily translate into that what is involved in those documents is public business or that they are public records. And so, well, when you then get to what is a public record, it just simply has to be a document that pertains to the transaction of public business as the first element, and then the second element being who has it or where is it. And in the possession of is the terminology that's used in the statute. And there's no doubt about that, it seems like, in this case, that the City of Danville was in possession of these documents. Is that right? Yes. Okay. So if that being the case, then it comes down to whether or not they related to the transaction of public business. Correct. And that's where the majority of my argument really today was to use spam. Because I don't want to belabor the point over the idea of whether or not this group is a public body, because I think that's clear. Obviously, as we've said, the City can't argue that point, that these are in our possession because we provided them to the Attorney General for their review. And so the question becomes whether or not does this really involve a transaction of public business. Well, counsel, in that vein, I mean, the City adopted the recommendations of this group and basically expressed its intention to utilize their recommendations for their housing strategy. How is that not public business? Well, and here's where this is kind of going to be the end of my points, I think, on this, is because if you look at the circumstances and they were in the reverse, let's say the plan got adopted first. Okay. The Attorney General suggests that there's statutory authorization for planning purposes of municipalities. They can do that. Okay. I get it. But the question, I think, turns on at what point do you consider something to be public business. Okay. So the Attorney General says that because this group was talking about housing, well, that's public business. And then the plan resulted being presented to the City Council and then they adopted it. Okay. If it's the reverse, okay, so the City Council adopts this plan, I would agree. Statutory authorization, the City can do planning activities. They've adopted this plan that says we want to do A, B, and C. If A said, City employee, go meet with this group and get their input and come back and flesh out A or B, I don't think we'd be here. But that's not really what happened is this City employee says, well, I think, you know, the City's not doing enough. That's my opinion. The City's not doing enough. So I'm going to go meet with these people and see if they think the same thing. And then we're going to present maybe some data that I have as a City employee that will facilitate the discussion. Okay. And so my impression, I guess, and the City's position on this is this group is actually discussing their own opinions. It's not the City Council saying that there's housing, quote, housing issues in the City of Danville. Okay. They haven't acted on this at all yet. So this group gets together. I think the cases suggest that City employees can go out and get public opinion. And I know that deals with the Open Meetings Act on the idea of whether or not they have to comply with that. But I think it also translates into the idea of why we're here today. Because if they go out and want to seek that opinion to say, am I on the right track? Let's say all these people say, you know what, we don't want the City to do this. Well, then it's just a dead issue. Can you still say then that those discussions were public business? And that's why I think the Attorney General, to me, seems to suggest that public business flows into the City Council from, let's say, this group. Right? I don't think that's how FOIA and Sunshine Laws work. I think it's outward from the City Council. That's the flow of public business. If I, the City Council, say we want to pick up trash in our city, that's their policy and their decision that they've done. Let's go get all the equipment, all the people. Let's do that function. Everything that comes from that, I would agree, is public business. But let's say a group got together and said, we think the City should have its own trash pickup service. Okay? And they are really adamant about it. Is that public business when the City has never made a decision on whether or not to... In one statement of fact, you indicate that it was an employee of the City of Danville, the DATS Director, who first met with this group. Right? Yes. So you've got a city employee who is involved in this type of activity on behalf of the city. Correct? Yes. I guess I would respectfully disagree on the idea of activity, because I think that's part of it, too, is when the definition talks about transactional public business. What was the DATS Director? I'm sorry? What was the DATS Director? DATS is a part of the city that actually talks about urban planning in terms of bus systems and all that kind of stuff. Yes. They started meeting with the group. Yes. They participated in that meeting throughout their process. Yes. They then submitted a report. Yes. And the city adopted that report. Yes. And the report itself says, Together, the goals, objectives, and recommendations are intended to comprise the city's housing strategy for the 2015-2020 planning period and will guide daily decision-making by city officials and staff while equipping citizens with the awareness of the housing programs that the city will be initiating to meet its overall housing goals. Yes. Right? Why doesn't that become public business? As I said, I think once the council adopts that document, that is their plan. And anything going forward from that, I agree, will become public business because the city council is now active. I don't know that you're looking backward. I understand. Under the umbrella of their duties for which they are serving the city. But I guess that's my question. I think that's kind of why the administration felt it important to actually get to this court with that question, is that's the question. At what point do you determine that something becomes public business? I understand they're a city employee, and they're employed to do certain things. Okay? What's the term? The garbage department. The garbage department. Anyway. And they went out with a group that wanted to discuss access to the main county airport, city's involvement in that in some fashion. And totally unrelated to their duties for which they're employed by the city. Your position is, obviously, since they don't have anything to do with that particular function, that's not, even if we adopt the report, that's not public business. The city should be required to then give you every document that these people may have generated. Yes. Okay. I would agree. What about private contractors that are submitting bids to do work for the public body? They're undoubtedly private companies submitting a bid to the public body. Under your definition of public business, no one would be able to get those bids. Well, and I would disagree slightly in the sense that when you're talking about public bids for a project, I think the city council has already made its decision to say, we want to do this. And because we want it, let's say it's going to lay a new road. Let's just say they didn't. Let's just say that somebody's making an unsolicited bid to do business with the city. In that circumstance, you're saying that until the city adopts that in some form, that that isn't a public record dealing with a transaction of public business. In thinking here right now in terms of your question, I would suggest, I think, that the city's position on that would be to a degree, yes. I would have to analyze that, I think, under the way that we see how FOIA works. But again, I would submit that I would guarantee that that bid would then be reviewed by the city council to determine whether or not are we going to accept this bid or not. And right there is where the discussion happens at the city council level is all of that does become a public record. And I know that the statute talks about that. Once a document is given to the alderman, it is a public record. If it's given to a single alderman, it's not. Until it's held by the entire public body, it's not a public record. Well, wasn't this final report given to the city council prior to the FOIA request they made? Yes. And that document was, in fact, released to the entire public. So basically your position is that you can't get all this stuff that happened before the city adopted the report. So you can't get the minutes, you can't get whatever was written down during these meetings because all of that happened prior to it becoming public business. Yes. I think that is actually the heart of this very question. I think probably would become part of this court's decision is whether or not you look back. If the city council takes an action, we know all that is public business. Any discussion and adoption is public business. Do you take a look back and see what precipitated this to say that was all public business, too, just because we adopted this plan after the fact? That's what I said. Just because. Go on. This isn't a non-solicited report by some group that had absolutely no involvement with the city up to this point. This had a city employee whose umbrella functions included this duty meet with the group, get their information, and then generate the report. Wasn't the city involved from the outset? The city employee was. They were working as a rogue? I'm not saying that they were outside of the purview of their job, but what I'm suggesting is that, in a sense, it was unsolicited because the group is talking about what the city is not doing. So if I have an idea and I want to present it to the city council, I just do that. I don't solicit anybody's opinion out there at all. I just go. They have their discussion. That's all public, obviously, and then it comes out as public business. But if I go out there and just seek it, I mean, again, I'm not actually outside of my purview as an employee to go out and say, I'm thinking of this, tell me what you think. And if that dies, does that still mean that all of that material is public business when the city council has never said they're going to take this path? Well, in practicality, it probably would never be known. Correct. I understand what you're saying. Basically, an individual city employee cannot participate and make something public business. And I think that's right. But where I'm getting a little, I can't say confused, but where I disagree is, I mean, we have to have the step of the public body and the public body having possession or using. And so aren't those steps in there to protect a situation where an individual city worker just goes out and they want to talk about something? If it's not possessed by the city, if it's not adopted by the city, how do we ever get at that as far as freedom of information? I'll give you a separate dynamic on this very same document, okay, is that it was presented to the city council, so they're going to have a meeting talking about this document. The document was given to them in advance, and it was made available to the public in advance. Another individual approached me requesting this document in a sense, the very same thing that this request was asking for. And what I suggested to them was I said, all of the stuff that happened before, the seeking input and opinion, isn't really the time or understanding of when is it the city council is purview. You need to go to the meeting where they're actually discussing. You have a document. Go to the meetings when they're talking about it, and that's where you provide your opinion, or if you don't like it, that's the decision making right there. This group is not reporting to the city council. I mean, the employee themselves actually created the document and presented it based on these opinions. What happens if this group doesn't turn over to the city the minutes or the other documents that were requested? I think the employee then would just, as of their own, think, well, if it's not important enough to them, I'm not going to advance any document to the city to suggest, we know you're not doing this. Here's a plan to actually start doing something along that path. I'm not talking about the reports, but let's say that the city didn't receive the minutes. You've indicated that you have everything that they have asked for. So what if you only had the report? Well, that's all the city council had. I mean, all these minutes and all this material. No, the city of Danville, in your possession, you just a few moments ago indicated that the city of Danville does have everything that the requester is asking for in their possession. Is that correct? It's in that employee's office, yes. Okay. So I guess my question is, if it didn't go to the employee, if the employee didn't have the information in his or her office, then what? Then the employee themselves. Again, I do this myself as well. I sometimes don't seek public opinion for the things that I want to present to the city council. I would suggest that this employee would have then gone to the council with a plan of their own, because that's happened before, too, where employees go to the council with a thing, and this is including me, where I'm going to ask them to adopt an ordinance. And what they say is, have you gone and talked to the people that are going to be impacted by this? If the answer is no, then they say you need to do that. And so that's where I'm thinking is, you know, the employee is going to go and say, I want you to do this. And they may say, okay, we're going to adopt it, but now go meet with these people I'm talking about. Okay. I'm not sure you're understanding what I'm asking. Would the city of Danville have an obligation to provide the minutes and the other non-report information that the requester is asking for if neither the city nor any employee of the city had possession of those items? No. I'm sorry. I understand your question. The answer would be no. Because if we don't have them, I think that's kind of the end of the answer there, too. Thank you. Okay. Thank you, counsel. No less time than rebuttal. Counsel. May it please the court, counsel. The purpose of FOIA is to open governmental records to the light of public scrutiny. Unless an exemption applies under Section 1.2 of FOIA, all documents that are in the custody or possession of a public body are presumed to be open to inspection and copying. Here the city of Danville is seeking to evade its obligation to operate openly and to provide public records to one of its residents. The Attorney General did not clearly err in determining that the requested documents were public records and that they were subject to disclosure under FOIA, and her binding opinion should be upheld. The city of Danville's, in response to your Honor's question earlier, this was not a rogue employee operating on her own. The city of Danville's Engineering and Urban Services Department assembled the Housing Task Force. It was composed of city staff and various members of the community. The Housing Task Force's goal was to analyze data and to propose solutions to various housing-related issues in the city. Danville's tried to distance itself from the Housing Task Force and its work, but it's important to remember just how central of a role Danville played throughout the entire process. Well, Counsel, let me ask you this, just for my own edification. Do you agree that the participation by a city employee doesn't necessarily make this, wouldn't make the organization a public body? Do you agree with that? I would agree. I think the city of Champaign case versus Madison, you know, suggests that that is correct. But we would clarify for the court that, you know, we, the Attorney General has never answered the question of whether the Housing Task Force itself is a public body. Right. She declined to consider that question because, of course, the request was made of the city of Danville. Thank you. So the Housing Task Force members included Danville's area transportation study director, Danville's urban services manager, Danville's engineering and urban services director, and the city of Danville planner. The task force meetings were held at Danville's public works facility. City staff provided the Housing Task Force with the data that they needed to analyze. The task force recommendations were presented to the mayor and to members of the city council, and the city held a public meeting to present the final report to the public. Kevin Flynn sent a FOIA request to Danville for meeting notices, minutes created during meetings, and other records related to the task force. There's no question, as this court has stated earlier, that Danville is a public body. Section 140-2A of FOIA lists cities as part of the definition, and a city body is subject to FOIA. The attorney general correctly declined to consider whether the task force itself was a public body for the reason that the request was made of Danville. There's also no question, as this court has discussed earlier with council, that Danville possessed the requested records, and, in fact, they appear in the record on appeal. And there's no question that the sought-after documents were public records. FOIA defines public records to include all documentary materials and writings that pertain to the transaction of public business that were prepared for, used by, or in the possession of a public body. The task force that the city itself put together to address housing issues in the city pertains to public or community interests and not private ones. Danville acknowledged that the city adopted the Housing Task Force's final report, and so these documents that discussed community issues and that were in the possession of and used by the city constituted public records under FOIA. Opposing counsel's position seems to be that once it was adopted by the city, the report, the report became a public record and should be released, but that anything prior to that adoption does not have to be released. Is that how it works? Your Honor, there's nothing in FOIA or in the case law that supports this sort of forward-looking versus backward distinction that counsel is trying to make. FOIA simply asks whether there are public records that are in the possession of or were used by the public body that pertain to the transaction of public business. And if those elements are satisfied, unless an exemption applies, then they are subject to disclosure under FOIA. So I'm envisioning a situation, let's say that we agree with your position in this matter, are we going to have a situation where a group such as this will just not give the city the minutes and the other information, maybe let them look at it and keep it somewhere else so that they don't have to release it? I think those would still be subject to disclosure under FOIA. The statutory definition is very broad. I'm making it shorter just for purposes of our conversation, but it's used by, in the possession of, et cetera, et cetera, various other things. So those would still be subject to disclosure. Thank you. So in sum, as the Attorney General correctly ruled, when a public body has public records that are not subject to any of the requirements of the public, the public body must disclose them. If there are no other questions, then we would ask this Court to uphold the Attorney General's binding opinion. Thank you. All right. Thank you, Counsel. Rebuttal arguments? Okay. Thank you. Thank you both. The case will be taken under advisement and a written decision shall issue.